IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JONATHON STEWART DAVIS**                                                                                      **PLAINTIFF**

v.                              No: 4:18-cv-00763 JM-PSH

**PULASKI COUNTY REGIONAL
DETENTION CENTER,** *et al.*                                                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jonathon Stewart Davis, a pretrial detainee at the Pulaski County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that he was put in lockdown status when he should be in the general population. Doc. No. 3. Davis was instructed to file an amended complaint describing the conditions he endured while on lockdown, how he was injured, and why he sues Sheriff Holladay. *See* Doc. No. 5. Davis was warned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in

the amended complaint will be allowed to proceed. *Id.* Davis subsequently filed an addendum to his complaint. *See* Doc. No. 6.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In Davis' addendum, he claims that due to lack of jail staff, he is being treated differently than other inmates in other units in that he is forced to stay in his cell for hours on end with no access to showers or the phone. Doc. No. 6. Davis also alleges he is forced to eat meals in his cell where his toilet is. *Id.* Davis claims these conditions cause him stress that could affect his heart condition. *Id.* Liberally construing

Davis' complaint, it appears he may be attempting to raise a conditions of confinement claim based on his lockdown status and/or an equal protection claim.

***Conditions of Confinement.*** In order to support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)). "[D]iscomfort compelled by conditions of confinement, without more, does not violate the amendment." *Smith v. Coughlin*, 748 F.2d 783, 787 (2nd Cir. 1984) (quoting *Jackson v. Meachum*, 699 F.2d 578, 581 (1st Cir. 1983)).

Davis has not alleged facts showing that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain. Davis only alleges that he is not allowed to shower or use the phone while he is locked down and that he must eat in his cell where there is a toilet. These facts are insufficient to state an Eighth Amendment conditions of confinement claim. Furthermore, Davis alleges no injury as a result of these incidents. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). Davis' Eighth Amendment claims should therefore be dismissed for failure to state a claim upon which relief may be granted.

*Equal Protection.*  To the extent Davis attempts to state an equal protection claim, he fails to state sufficient facts to support such a claim.  He does not allege that he is a member of a protected class or that he was "'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  *See Nolan v. Thompson,* 521 F.3d 989 (8th Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  In fact, he does not identify or provide any description of the other inmates who are treated differently.  Accordingly, Davis' equal protection claims should be dismissed for failure to state a claim upon which relief may be granted.

*Defendants.*  Even if Davis' allegations could be construed to state viable constitutional claims, he has not described how Sheriff Holladay was personally involved in creating the conditions he alleges he must endure.  To the extent Davis seeks to hold Holladay accountable as sheriff, Davis' claims fail.  The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability.  *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997).  To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action.  *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).  Finally, Davis names the Pulaski County Detention Facility as a defendant.  A detention center is not an entity subject to suit under § 1983.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.	Davis' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.	Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 3rd day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE